UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Kevin Wurster,                                             Case No.  3:22-cv-00134

        Plaintiff

v.                                                        MEMORANDUM OPINION
                                                         AND ORDER

IRS,

        Defendant.


### BACKGROUND AND HISTORY

*Pro se* Plaintiff Kevin Wurster filed this action against the Internal Revenue Service.  The Complaint, except for the case caption, is blank.  In his Application to Proceed *In Forma Pauperis* (Doc. No. 2), he states he and his wife were contacted by the IRS and were informed that they did not include a second W2 for his wife's employment in 2018.  He indicates they were unaware of a second W2 but refiled their taxes for 2018 and paid the difference of what was owed.  He contends they received the money back as a refund for 2018 approximately two months later.  He states they tried to contact the IRS to resolve the problem but could not reach anyone and they still have the check.  He does not list a cause of action.  He simply states he filed this case to get the attention of the IRS.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it

lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898

F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim

lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or

when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to

state a claim upon which relief may be granted when it lacks "plausibility in the Complaint."  *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader

is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the assumption

that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not

required to include detailed factual allegations, but must provide more than "an unadorned,

the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers

legal conclusions or a simple recitation of the elements of a cause of action will not meet this

pleading standard.  *Id.*  In reviewing a Complaint, I must construe the pleading in the light most

favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### ANALYSIS

To meet the minimum pleading requirements of Federal Civil Procedure Rule 8, the

Complaint must contain enough information to give the Defendants fair notice of what the

Plaintiff's legal claims are and the factual grounds upon which they rest.  *Bassett v. National Collegiate*

*Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  While I can liberally construe factual allegations

from the statements on the *In Forma Pauperis* Application, I cannot supply the cause of action for a

litigant.

Furthermore, the IRS is a United States agency, and the United States enjoys sovereign

immunity from suit unless Congress has explicitly waived its immunity.  *United States v. Mitchell*, 463

U.S. 206, 212 (1983).  Sovereign immunity is jurisdictional in nature and therefore this District Court

is devoid of jurisdiction to hear any claim brought against the federal government unless it has

consented to be sued. *Id.* Any waiver of sovereign immunity must be clearly and unequivocally

expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The scope of any waiver of sovereign

immunity is to be strictly construed in favor of the sovereign. *Dep't of the Army v. Blue Fox, Inc.*, 525

U.S. 255, 261 (1999). Without a stated cause of action for which the United States has waived

sovereign immunity, I am without jurisdiction to entertain this case.

### CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleading to determine its legal viability,

I conclude it fails to state a claim upon which relief may be granted. Therefore, Plaintiff's

Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this action is dismissed

pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3